**Lona GREEN, Plaintiff–Appellant,**

v.

**Phillip GREEN and Sidney Rich Associates, Inc., a corporation, Defendants–Respondents.**

**No. 41916.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 12, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1980.

Shaw, Howlett & Schwartz, James J. Knappenberger, St. Louis, for plaintiff–appellant.

Michael Rose, Theodore F. Schwartz, Clayton, for defendants–respondents, Sidney Rich.

WEIER, Presiding Judge.

Lona Green filed suit against her former husband Phillip Green in which she sought to compel Phillip to account to her for the assets described in her petition which she contends were jointly owned by plaintiff and defendant during their marriage. She further sought to have a settlement agreement dated February 19, 1975, to be declared invalid as to assets listed in this agreement; that stocks and insurance policies unnamed but currently registered in the names of plaintiff and defendant be converted to cash and that she receive her interest therein; that Lona be adjudged to be the joint owner of a certain tract of land she had previously agreed to convey to the husband in the settlement agreement; and that the home which she occupied, the title to which remained in both names, be awarded to her and that she further be adjudged co–owner of all real and personal property which an accounting would dis-

close and that the court thereupon order a sale and that the proceeds be divided between the two of them. In Count II of her third amended petition after re–alleging the allegations directed toward Phillip by reference, she averred she contributed financially to newly joined defendant Sidney Rich Associates, Inc. She then sought a determination of the value of her work and assets that she had contributed upon which to base an award to compensate her, "quantum meruit." She prayed for an accounting with Sidney Rich Associates, Inc., in order to determine the proportionate share that she had in that company and to award her this share.

Upon the submission of a motion to dismiss the third amended petition as to Phillip Green for failure to obey the prior order of the court and for failure to state a claim upon which relief could be granted, the court dismissed the petition as to this defendant without prejudice. If either of the grounds asserted for dismissal is valid the trial court's order dismissing the petition must be affirmed. *Butler v. Circulus, Inc.,* 557 S.W.2d 469, 471 [1] (Mo.App.1977). We first consider the propriety of the court's action in dismissing the action as to Phillip Green on the ground of the failure of plaintiff to make the petition more definite and certain.

The motion of defendant Phillip Green to make more definite and certain was particularly directed to allegations of fraud contained in plaintiff's third amended petition. The complaint was made that the amended petition did not set forth with particularity the circumstances constituting the fraud. Rule 55.15 requires that this standard be met on all averments of fraud. The only exception under the rule pertains to averments of malice, intent, knowledge and any other condition of mind. These conditions may be set forth generally. In looking at the last, or third amended petition, we note that it is charged the defendant, by and through his attorneys, caused to be prepared the separation agreement "and by fraud, undue influence, misrepresentation and deception did induce Plaintiff to sign an agreement by not revealing their assets and

his assets to Plaintiff and understating the value of those that he did reveal to Plaintiff." The petition then speaks about conversion of certain asserts by defendant Phillip Green. It is then alleged that the statements and omissions inducing plaintiff to sign the agreement were false or made with actual knowledge of their truth and falsity and were made with intent they be acted upon and further that the statements were made "while the parties were in such position and the Defendant had such knowledge that the Plaintiff was entitled to rely upon the statements then made to her by the Defendant." The next paragraph alleges that the "actions and omissions" of the defendant in obtaining the contract and in converting the assets to his own use were done as a result of "undue influence" over plaintiff due to a "lack of capacity and his superior knowledge as to the state of the business affairs at the time, and as a result, performed a fraud upon the marital rights of the Plaintiff ... " Plaintiff then alleges that the separation agreement did not dispose of other assets which the parties jointly held or had joint interest but that these were converted to defendant's own use wrongfully and fraudulently and as a result of misrepresentation and undue influence. In this connection it is stated "[s]aid misrepresentations and dealings dealt with material matters and were under circumstances under which Plaintiff had a right to rely on the purported good faith, representations and business dealings of Defendant." Other allegations have no bearing upon the fraud accusations but pertain to a refusal of defendant to allow plaintiff to have access to and to account to plaintiff for certain assets and that the defendant has "converted joint bank account and checking accounts to his own name."

 As previously indicated, plaintiff has sought equitable relief on the basis of fraud and misrepresentation. The elements of a fraud action that must be pleaded and proved are "a representation, its falsity, its materiality, speaker's knowledge of the falsity, his intent that his statement should be acted upon by the other party and in the

manner contemplated, that party's ignorance of the falsity, his reliance on its truth, his right to rely thereon, and his consequent injury." *Troxell v. Troxell*, 563 S.W.2d 135, 145 [2] (Mo.App.1978). In considering the sufficiency of the petition under Rule 55.15, we must disregard unsupported allegations to the effect that the claim was fraudulent, was known by defendant to be so, and was made for the purpose of deceiving and perpetrating the fraud upon the court. Averments such as these obviously amount to no more than mere legal conclusions which are insufficient of themselves to make out a case of fraud. If fraud is to be charged, it is necessary that the same be made to appear from allegations of fact actually *constituting* the fraud independently of such conclusions. *Venegoni v. Giudicy*, 238 S.W.2d 17, 19 [4, 5] (Mo.App. 1951).

▮ Considering the allegations of the third amended petition, in which it attempts to plead fraud on the part of the defendant, we do not find that particularity which the law requires. The element of misrepresentation although referred to is not fully developed. Plaintiff filed her divorce action December 26, 1972. The separation agreement is dated February 19, 1975, and witnessed by the attorneys who represented the plaintiff and defendant in the divorce action. Plaintiff was interrogated by both attorneys representing the parties in a hearing before the circuit court on March 20, 1975, and the plaintiff at that time testified that she fully understood the separation agreement which she had agreed to. In the decree of dissolution entered on March 20, 1975, the circuit court determined that the separation agreement between the parties was conscionable and incorporated the separation agreement in the decree. If representations had been made by Phillip Green or his attorney from the date of separation June 15, 1972, according to the testimony of Lona Green in the divorce case, until the execution of the agreement on February 19, 1975, it is most important under these circumstances that their substance be recounted with more particularity by the plaintiff than has been done in her third amended petition. There is nothing here to indicate when or under what circumstances the representations were made. Furthermore, there are no allegations to indicate wherein and why the representations were material or that she relied thereon or had the right to rely thereon.

▮ In order to make a prima facie case for an accounting, it is necessary to prove the existence of a fiduciary relationship. *Barry v. Barry*, 579 S.W.2d 136, 139 [2] (Mo.App.1979). In this connection an agreement between husband and wife for a property settlement must be procured without a violation of general rules which control the actions of persons occupying confidential relations with each other. If, however, the relationship has already been severed and the parties are dealing with each other at arms length; that is, through an attorney, as here, then there is no confidential relationship. *McCarty v. McCarty*, 300 S.W.2d 394, 402–403 [18] (Mo.1957); *see also Taylor v. Taylor*, 367 S.W.2d 58, 61 [3] (Mo. App.1963). Thus it is very important that the pleaded facts set out the circumstances under which the representations were made because both parties were represented by attorneys in a divorce case which was pending for more than two years before the property matters were finally settled and the case submitted to the court for final adjudication. Again there are no allegations in the third amended petition to indicate wherein and why plaintiff is entitled to rely upon any representations made by the plaintiff.

Under the facts existing here, we believe that the court exercised a sound discretion when it required the plaintiff to make her petition more definite and certain. Plaintiff had the opportunity and on three different occasions amended her petition to comply with the court's order. Upon the failure for the third time to plead definitely and with certainty the allegations of fraud as required by Rule 55.15, the court had the authority under Rule 67.02 to dismiss the action for failure to comply with the order of court to make the petition definite and certain.

In resolving the question as to whether the court exercised sound discretion in dismissing the case, we consider the standard of review stated in *James v. Turilli*, 473 S.W.2d 757, 763 [15] (Mo.App.1971): "Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." We doubt that many reasonable men could disagree with the propriety of the action taken by the trial court. *See also Shirrell v. Missouri Edison Company*, 535 S.W.2d 446, 449 [3] (Mo.banc 1976). In its ruling the trial court took the final step of forbearance and consideration for plaintiff by ordering that the judgment of dismissal would be without prejudice.

We do not consider the ruling of the court with respect to failure to state a cause of action. The dismissal was justified in view of the failure of plaintiff after numerous attempts to properly plead in accordance with the court's order.

We turn now to the action of the court dismissing the third amended petition as to defendant Sidney Rich Associates, Inc. No charge of error is directed to this portion of the judgment in plaintiff–appellant's brief. We therefore assume plaintiff does not disagree with this action of the court.

The judgment of the court below is affirmed.

SMITH and SNYDER, JJ., concur.