**GREEN ACRES ENTERPRISES, INC., a Missouri corporation, Plaintiff-Respondent,**

v.

**Myrle Linn NITSCHE, Respondent-Appellant,**

v.

**W. K. JENKINS, Appellant-Respondent.**

**No. WD 32585.**

Missouri Court of Appeals, Western District.

June 22, 1982.

Roy Bash, Katherine J. Rodgers, Kansas City (Watson, Ess, Marshall & Enggas, Kansas City, of counsel), for appellant W. K. Jenkins.

Darold W. Jenkins, Independence, for respondent Myrle Linn Nitsche.

Before KENNEDY, P. J., and CLARK and MANFORD, JJ.

MANFORD, Judge.

This is an action in ejectment. Judgment was entered in accord with the jury verdict. The judgment is reversed and the cause remanded.

It is necessary initially to explain the origin of this case and to describe the respective relationships of the parties. This action commenced under a petition in ejectment by original plaintiff Green Acres Enterprises, Inc., against original defendant Myrle Nitsche. Defendant Nitsche filed his answer, counterclaim and third party petition, and named W. K. Jenkins defendant in the third party petition. At the close of all the evidence, the trial court directed a verdict in favor of the original plaintiff (Green Acres Enterprises, Inc.) on the original defendant's (Nitsche's) counterclaim. The remainder of the cause was submitted to the jury and the jury returned two verdicts. Verdict number one found in favor of original plaintiff (Green Acres Enterprises, Inc.) and against original defendant (Nitsche) for the loss of rents and profits in the sum of $25,000.00. The record before this court fails to reveal any judgment entry upon that verdict. In the second verdict the jury found in favor of the original defendant (Nitsche—as third party plaintiff) against third party defendant (Jenkins) in the sum of $138,686.52 actual damages and $1000.00 punitive damages. The trial court entered judgment upon this verdict and designated it as final for purposes of appeal. Following the judgment entry, third party defendant (Jenkins) filed an alternative motion requesting the court to set aside this verdict and to direct a verdict in his favor or to grant him a new trial. Jenkins filed this appeal following the denial of his motion. Hereafter, the parties to this appeal will be referred to by their trial party designation (Jenkins—*defendant*-appellant), (Nitsche—*plaintiff*-respondent).

In summary, defendant alleges the trial court erred (1) by permitting the admission of evidence on the issue of fraud, instructing the jury on the issue of fraud and exercising jurisdiction to enter judgment for damages upon the issue of fraud because such a theory was not pleaded, (2) by submitting the issue of fraud because the evidence failed to support the requisite elements for a claim of fraud, and (3) by submitting an instruction that failed to conform to MAI 23.05.

The record reveals that plaintiff and his wife (wife deceased at time of trial) owned approximately 1290 acres of farmland in Bates County, Missouri. As to 400 acres of the land there existed a first deed of trust held by the Security State Bank of Fort

Scott, Kansas. The amount due under the deed of trust was $141,313.48. Due to delinquency, Security State Bank sought foreclosure on the 400 acres and the date of sale was set for February 16, 1979. Near the date of the foreclosure sale (February 16, 1979) plaintiff and his wife met with defendant and discussed possible refinancing of the indebtedness on all of plaintiff's properties. The record reveals an unsuccessful attempt by the defendant to secure financing for plaintiff. On the sale date (February 16, 1979) plaintiff was successful in forestalling the sale by securing an injunction. In other proceedings, Security Bank was successful in dissolving the injunction and a new date of sale was set for April 20, 1979. The record reveals that the parties had no contact between February 16, 1979 and April 20, 1979. On the morning of April 20, 1979 plaintiff's wife contacted defendant, informed defendant of the impending sale and asked defendant to help them. Upon this contact the parties discussed how the foreclosure sale might be avoided. This meeting took place in defendant's automobile and resulted in a handwritten agreement which the parties signed after talking by phone with their attorneys. This handwritten agreement was the focal point at trial and remains so on this appeal. The handwritten agreement reads as follows:

> "The signors of this agreement made & entered into this day agree as follows:
>
> 1. Myrle and Clydene Nitsche will deed 400 acres of land in Bates Co., Mo. to W. K. Jenkins or assigns.
>
> 2. W. K. Jenkins or assigns agree to pay off the mortgages to the Security State Bank of Fort Scott, Kansas.
>
> 3. W. K. Jenkins or assigns agree to give Myrle and Clydene Nitsche an option to purchase the same 400 acres for six months for the amount of money payed (sic) plus 25,000.00 on or before six months from above date.
>
> 4. W. K. Jenkins or assigns agree to lease to Myrle and Clydene Nitsche for the term of the option for one dollar and other considerations.
>
> 5. Myrle and Clydene Nitsche agrees to have insurance for liability for the operation of the lease and will hold W. K. Jenkins or assigns harmless for any claims.
>
> s/ W. K. Jenkins
> s/ Myrle L. Nitsche
> s/ Clydene Nitsche"

After executing this handwritten agreement the parties proceeded to the First National Bank of Butler in Butler, Missouri. At the bank they met with Allen Davis, Vice-President and Cashier of the bank. The record fails to disclose by whose appointment Davis was authorized to act for the Security State Bank, but it is clear from the record that the parties willingly accepted Davis' role as agent for Security State Bank. At the meeting with Davis the sum due to satisfy the first deed of trust was determined and the figure was $141,313.48. After this figure was determined, plaintiff and his wife executed a warranty deed to the 400 acres. In exchange, defendant secured a check from the First National Bank payable to plaintiff, his wife and Security State Bank in the sum of $141,313.48. This check was then endorsed over by plaintiff and his wife to Security State Bank.[1] Davis testified to the preparation of the warranty deed. He stated that the name of the grantee (Green Acres Enterprises, Inc.) was inserted prior to execution of the deed. This fact was disputed by the plaintiff who charged that the space for the named grantee was left blank. Davis also testified to the preparation of the check. He disclaimed any knowledge of any agreements, or discussions of any agreements between the parties. Davis notarized the signature of plaintiff and his wife to the deed. Events following the meeting with Davis are disputed by the parties. Defendant testified that the parties left the meeting with

---

1. Plaintiff was examined as to the return of the cancelled promissory note and deed of trust from Security State Bank. He had no recollection of receiving the cancelled documents but testified that no further demand for payment had ever been made, he paid nothing further to Security State Bank and the parties do not dispute the cancellation on appeal.

Davis and that all three proceeded to the county court house, paid taxes due on the property and proceeded to have the deed recorded. The warranty deed bears the official recording by the Recorder of Deeds, Bates County as of 11:00 a. m., April 20, 1979. The deed was recorded in Book 522 at page 295. Plaintiff testified upon leaving the meeting with Davis, that defendant returned plaintiff and his wife to their automobile at the Butler, Missouri airport and that neither of them accompanied the defendant to the court house.

As can be observed from the above agreement, plaintiff had a six months option to purchase the property "... for the amount of money payed plus $25,000 ..." Following the events of April 20, 1979 the parties again met and plaintiff and his wife indicated to defendant that they had obtained a loan for the purpose of exercising their option under the April 20, 1979 agreement. A handwritten note pertaining to this matter written by plaintiff's wife was admitted into evidence. Dated June 29, 1979 and addressed to the defendant the note read:

"From the desk of

MYRLE L. NITSCHE FARMS

ROUTE THREE

BUTLER, MISSOURI 64730

6–29–79

Friday 3:15 p. m.

Mr. Jenkins

The men are to be at our farm tomorrow to go over our loan.

Sorry am late getting back.

Will contact you later.

Thanking you,
Clydene"

Following the recited note the record reveals that plaintiff and his wife consulted an attorney in Nevada, Missouri and following that conference executed an affidavit to which they attached a copy of the April 20, 1979 handwritten agreement. Plaintiff and his wife then caused this affidavit with the handwritten agreement attached, to be recorded in the office of the Recorder of Deeds of Bates County, Missouri. The affidavit (minus the acknowledgment of signature plus the recording certification) reads as follows:

## "AFFIDAVIT

RE: The West Half (W ½) of the Northeast Quarter (NE ¼) of Section Thirteen (13) and the Southwest Quarter (SW ¼) of the Southeast Quarter (SE ¼) of Section Twelve (12), all in Township Forty (40) of Range Thirty-Two (32); and
The West Half (W ½ of the Southwest Quarter (SW ¼) and the West Half (W ½) of Lot One (1), of the Northwest Quarter (NW ¼) of Section One (1), and the East Half (E ½) of the Southeast Quarter (SE ¼), and the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼), and the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of Section Two (2), all in Township Forty (40) of Range Thirty-Two).

TO WHOM IT MAY CONCERN:

Comes now Myrle L. Nitsche and R. Clydene Nitsche and on their oath state that the attached contract dated April 20, 1979, is the original contract entered into between themselves and W. K. Jenkins on April 20, 1979 and that they have performed all obligations of the contract and intend to assert their right to performance under said contract which by this reference is incorporated herewith.

s/ Myrle L. Nitsche

s/ R. Clydene Nitsche"

The record reveals subsequent events which included plaintiff filing a bankruptcy proceeding in the United States District Court (W. D., Missouri) pursuant to Chapter XII of the United States Bankruptcy Code. In March or April 1980 the Chapter XII proceeding was converted to a Chapter 11 proceeding. During this lapse and presumably to the present, plaintiff and his wife (until her death) remained in possession of the 400 acres. On September 5, 1980 original plaintiff (Green Acres Enterprises, Inc.) filed its petition in ejectment for possession against Nitsche and for damages for the unlawful withholding of possession. The

morning of the trial plaintiff (Nitsche) over objection was permitted to orally amend his third party petition. The pertinent parts of the petition and the amended portions are set forth below with the "amended in" portion being noted by underlining.

"That prior to April 20, 1979, W. K. Jenkins advised and informed this defendant and his now deceased wife that he was aware of the pending foreclosures of the deeds of trust by Security State Bank; that he had connections with several lending sources; that he knew that this defendant and his now deceased wife had substantial equity in the farm; that he, the said W. K. Jenkins, would loan them the amount owned by this defendant and his wife to Security State Bank."

Another provision of the third party petition originally read as follows:

"That in full reliance upon the representations made to this defendant and his now deceased wife, this defendant, subsequent to signing said Warranty Deed, did endorse a check drawn on the First National Bank of Butler . . ."

The foregoing provision was then amended to read as follows:

"That in full reliance upon the false representations made to this defendant and his now deceased wife, that he, the said W. K. Jenkins, was loaning the Nitsches the sum of $141,313.48, this defendant subsequent to signing said warranty deed, did endorse a check drawn on the First National Bank of Butler . . ."

Reduced to its simplest form, the dispute between the parties in this appeal is defendant's claim that the disputed 400 acres was transferred to Green Acres Enterprises, Inc. by sale subject to plaintiff's option to repurchase within six months as evidenced by the above referral to warranty deed and handwritten agreement. Plaintiff's position is that the handwritten agreement and the warranty deed were fraudulently induced by defendants promise of a loan to plaintiff to satisfy the first deed of trust to Security State Bank.

Defendant attacks the amended third party petition by contending that it did not plead a claim for fraud and that as a result of this failure, everything that occurred at trial relative to the claim of fraud, including the evidence and the challenged instruction, left the trial court without jurisdiction to enter a judgment for damages upon this claim. Because of defendant's challenge to the amended petition, it falls to this court to determine if said petition properly pleads a claim for fraud. It is well settled in the law of our state, that while no particular words or expression are required to support a claim for fraud, such claim, as a basis for recovery of damages, must clearly and distinctly allege all of the essential elements of actionable fraud. *Weitzman v. Weitzman*, 156 S.W.2d 906, 908 (Mo.1941).

These essential elements have been recently restated in *Green v. Green*, 606 S.W.2d 395, 397–98 (Mo.App.1980) wherein the court declared, "The elements of a fraud action that must be pleaded and proved are 'a representation, its falsity, its materiality, speaker's knowledge of the falsity, his intent that his statement should be acted upon by the other party and in the manner contemplated, that party's ignorance of the falsity, his reliance on its truth, his right to rely thereon, and his consequent injury.' Quoting from *Troxell v. Troxell*, 563 S.W.2d 135, 145(2) (Mo.App.1978)." See also *Alexander v. Sagehorn*, 600 S.W.2d 198, 201 (Mo.App.1980).

Defendant further argues that if the pleadings failed to state a claim for fraud it was error for the trial court to admit, over objection, evidence tending to prove any element of a claim for fraud and cites to the court *Faught v. St. Louis-San Francisco Railway Co.*, 325 S.W.2d 776 (Mo.1959). Defendant argues further that if the pleadings failed to state a claim for fraud and it was error to admit evidence of same over objection, it was likewise error to instruct the jury on the issue of fraud based on *Spicer v. Hannah*, 241 Mo.App. 1215, 247 S.W.2d 864 (Mo.App.1952). From the foregoing posture defendant concludes that if the pleadings failed to state a claim for fraud, the evidence on this issue was admitted errone-

ously and the jury was instructed erroneously that the trial court was without jurisdiction to enter a judgment for damages upon fraud and cites to this court *Allstate Insurance Co. v. Northwestern Nat. Ins. Co.*, 581 S.W.2d 596 (Mo.App.1979); *Renken v. Sidebotham*, 227 S.W.2d 99 (Mo.App.1950) and *Lambert v. Lambert*, 222 S.W.2d 544 (Mo.App.1949).

In addition to case authority this court is referred to Rule 55.15 which reads:

"PARTICULARITY REQUIRED IN ALL AVERMENTS of FRAUD or MISTAKE

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

(Adopted Jan. 19, 1973, effective Sept. 1, 1973.)"

It must be noted that within the foregoing rule the elements of fraud must be stated with particularity. This continues to be a requirement although, as will be observed below, this court has ruled under certain conditions that such particularity can be waived.

■ In reviewing plaintiff's amended third party petition, it becomes apparent that it does not state with particularity the essential elements of fraud *Green, Rule 55.15* supra. The amended petition fails to set forth an alleged misrepresentation, any ignorance of the falsity of any misrepresentation, the materiality of the misrepresentation, any right by plaintiff to rely on any misrepresentation or defendant's knowledge of any falsity of a misrepresentation.

While particularity is required under a long line of authority, there is also authority that the same can be waived. *McGuire v. Bode*, 607 S.W.2d 165 (Mo.App.1980). In fact, plaintiff urges that *McGuire* supra, controls herein because defendant failed to attack the amended petition by a motion to make more definite. It should be pointed out that *McGuire* does not abolish the requirement of alleging with particularity the

elements of fraud, but merely holds that under certain facts and circumstances the requirement can be waived. Although plaintiff advances *McGuire* as dispositive, the facts and circumstances of the instant case are distinguishable.

In the first instance, defendant herein responded to the amended pleading and tried the case to the jury upon a theory of breach of contract. The reading of plaintiff's amended petition could be interpreted as a claim for breach of contract. It is also clear from the trial court ruling that the handwritten agreement upon which this action was initiated was treated separately. The trial court ruled, "I'm going to permit him to testify as to any oral agreements that do not conflict or take from the provisions of the contract . . . . their oral agreements are admissible in my judgment as long as they do not contradict or change or alter the contract." The evidence revealed that plaintiff testified to the alleged promises of defendant to secure a loan for plaintiff. There is no evidence that any such representation occurred relative to the April 20, 1979 agreement. The testimony of plaintiff was to the effect that he would not sell his land for that price and that the defendant would secure a loan or would loan money so that plaintiff could re-purchase his land. There is no evidence upon this record by the plaintiff that the defendant misrepresented the April 20, 1979 agreement.

This case is unlike *McGuire* supra, in another manner. In addition to defending against what by a fair reading of the amended petition is tantamount to a breach of contract; the court's ruling limited the oral evidence to matters other than the written agreement and the amended petition does not express any intention by defendant to deceive plaintiff. This court concludes that *McGuire* does not control, *McGuire* merely points out that had the petition simply alleged that the defendant made a mere promissory statement, no cause of action would lie. The instant amended petition shows nothing more than alleged promissory statements. The amended petition fails to state the essential

elements of fraud and does not fall within the exception delineated in *McGuire*, but rather brings the instant proceedings within the rule cited in *Green*, supra.

■ Plaintiff further argues that the failure of his petition to state a claim for fraud is irrelevant since his claim was tried expressly or implicitly by defendant's consent under Rule 55.33(b). Plaintiff is correct that under Rule 55.33(b) issues not raised in the pleadings shall be treated as if they had been so raised where the record reveals the parties either expressly or impliedly consented to the trial of those issues. The record in the case does not reveal consent by defendant either expressly or by implication. Defendant resisted the amendment to the petition and objected to the admission of evidence on the issue of fraud throughout the entire trial proceedings. Plaintiff's contention that the defendant untimely challenged the trial court's jurisdiction to enter a judgment for damages upon a claim not pleaded ultimately has no merit. A challenge to the court's jurisdiction can be raised at any stage of the proceedings. *Fallert Tool and Engineering Co., Inc. v. McClain*, 579 S.W.2d 751 (Mo. App.1979); *Sumpter v. J. E. Sieben Construction Company*, 492 S.W.2d 150 (Mo. App.1973).

■ In addition to the attack upon the amended petition for failure to state a claim for fraud, defendant argues that the trial court erred in admitting evidence upon fraud. As noted above, the trial court limited evidence of the alleged fraud to oral agreements which preceded the April 20, 1979 written agreement. While the admission of such evidence might have been harmless under other circumstances it was prejudicial herein because the same evidence fails to establish that any *prior* representation led to or caused the endorsement of the April 20, 1979 agreement. The trial court was careful to keep any evidence of the alleged fraud separate from the written agreement upon which this action was brought. Reviewing the evidence most favorable to the plaintiff, it is observed that even the plaintiff does not allege, nor does his evidence support, any allegation that plaintiff was deceived by defendant or by the very nature of the April 20, 1979 agreement.

■ Defendant further challenges the trial court's decision to instruct the jury on the issue of fraud because the pleadings did not allege the issue of fraud. The record reveals that the trial court granted the amendment (which has been found above to have failed to contain the essential elements of fraud) and then ruled oral evidence which would "conflict or take from the provisions of the contract" inadmissible. The trial court then instructed the jury that if the jury found that defendant represented to plaintiff, that he (defendant) was making a loan intending that plaintiff rely upon such representation in signing the warranty deed, and if the jury found other elements of fraud, they must find for the plaintiff.

The above instruction was (in addition to its failure to conform to MAI pointed out below) error because it failed to have sufficient support in the evidence. The trial court's ruling upon parol evidence which conflicted with the written agreement left plaintiff's evidence wanting in support of his alleged claim for fraud as it related to the April 20, 1979 written agreement.

In summary, regarding point (1) this court finds upon the particular facts and circumstances that plaintiff's amended petition failed to state a claim for fraud because it failed to allege the essential elements of fraud. In addition the requisite elements were not alleged with particularity, and the particular facts and circumstances do not bring this cause within the exception cited in *McGuire*, supra. It is further found that there was no express or implied consent to try this cause upon the issue of fraud under Rule 55.33(b) supra. The record of this matter reveals an action for ejectment and the further attempt by plaintiff to avoid the written agreement of April 20, 1979 by alleging it was fraudulently endorsed. The record reveals that neither the pleadings nor the evidence admitted or supported a claim for fraud. The

trial court by its ruling limited the parol evidence to matters other than the written agreement of April 20, 1979. The trial court, in light of its ruling, further erred in submitting an instruction upon the issue of fraud in the execution of the warranty deed of April 20, 1979.

This court concludes that point (1) raised by defendant has merit and is sustained.

As to point (2) raised by defendant, there is no need to address specifically such alleged error in light of this opinion's comments on the evidence and the trial courts ruling on parole evidence discussed above. Point two is found to have merit and is sustained.

Due to the possibility that this matter will again be tried, this court would be remiss if it failed to point out that instructions must conform to MAI. In this case the trial court instructed the jury pursuant to MAI 23.05 but did not include the bracketed portion of paragraph five which reads "in so relying plaintiff was using ordinary care and . . ." This language is essential to the instruction except in those instances where the right to rely is not an issue. "The right to rely on a representation is generally held to be a question of fact" and therefore an issue for the jury. *Baker v. Bickel,* 386 S.W.2d 105, 110 (Mo.1964), and one is not entitled to rely upon the representation of "others, absent some confidential relationship or fraudulent inducement tending to convince" the recipient that he need not make any independent investigation. *Kestner v. Jakobe,* 446 S.W.2d 188, 195 (Mo.App.1969).

There is no evidence upon this record to show that the above referenced portion of paragraph five should not have been included in the instruction. It was error for the trial court not to have included that language. Plaintiff argues this point is not properly preserved for appellate review and refers this court to Rule 78.07. Since disposition of this appeal has been made under point (1) above, this court need not address the propriety of whether the issue was properly preserved and limits its comments upon the instruction to the observation that instructions are to conform to MAI and as the evidence is currently postured, that portion of the instruction should have been included.

For the reasons set forth herein the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.