**Donald HEITMAN, Plaintiff-Appellant,**

v.

**BROWN GROUP, INC., a Corporation, Defendant-Respondent.**

**No. 44669.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 17, 1982.

Edward T. Wright, St. Louis, for plaintiff-appellant.

Gary T. Carr, St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

Plaintiff appeals from the dismissal of both counts of his petition for damages. We affirm in part and reverse in part.

In January 1978, plaintiff filed a two-count petition against defendant (hereinafter "Brown" or "defendant"). Following the filing of Brown's motions to dismiss, to strike, and for more definite statement, plaintiff filed an amended petition in two counts. The court sustained defendant's motion for more definite statement as to Count I, in part because it referred to unfiled exhibits. The court also dismissed Count II with leave to amend. Plaintiff then filed a second amended petition alleging claims of fraud and tortious interference with business relations, which the court dismissed *without prejudice and without leave to amend.* Plaintiff's appeal from that order was subsequently dismissed by this court for failure to perfect the appeal. Plaintiff next filed a new petition in two counts in the circuit court alleging fraud and tortious interference with business relations. The court sustained Brown's motion to dismiss the petition because it failed to state a claim upon which relief could be granted and was barred by the doctrine of res judicata. From that order plaintiff now appeals.

In his first point plaintiff contends the trial court erred in dismissing Count I (fraud) for failure to state a claim in that the petition stated a factual situation upon which relief could be granted.

■ In reviewing the dismissal of a petition for failure to state a claim, we construe the petition favorably and grant the petitioner every reasonable intendment in view of the facts alleged. *Watson v. Franklin Finance,* 540 S.W.2d 186, 188 (Mo. App.1976). If the allegations invoke principles of substantive law entitling him to relief, the petition is not to be dismissed. *Id.*

Plaintiff's petition made the following allegations. In August 1968 plaintiff was an officer and stockholder in corporations known as General Last Company and Hei-Se-Do., Inc. Around August 22, 1968, defendant Brown's officers Volentz and Barber told plaintiff that *if he and others would sell their stock in General Last and Hei-Se-Do, Brown would keep the corporations or the survivor of the two in St. Louis and would retain plaintiff in a key employment position therewith.* Relying upon these representations, plaintiff sold the stock to Brown. He entered into a five-

year employment contract with General Last, then under Brown's control, commencing August 22, 1968. Just before plaintiff's employment contract was to expire, he received an offer of employment from another company. He refused it in reliance upon representations of Brown's officers made from August 1968 through August 1, 1973, including Myers' oral statements and Volentz's written statement dated September 4, 1968, that *General Last would remain in St. Louis with plaintiff as its president.* After his employment contract expired on August 22, 1973, plaintiff continued to work for General Last without a new contract. On May 31, 1976, Brown moved the operation of General Last to Tennessee and terminated plaintiff's employment for reasons unrelated to his performance. As a result, plaintiff was damaged by the loss of his income and his position with the company.

The petition further alleged:

At the time said representations [in italics above] were made, they were known by those making them to be false, were thought by Plaintiff to be true, relied upon by Plaintiff as being true, they were material, they were made with full knowledge and intent Plaintiff would act upon them and he did act upon them to his detriment, and such representations misrepresented a plan in existence at the time the misrepresentations were made.

Construing these allegations favorably to plaintiff, we must determine whether they invoke principles of law entitling him to relief.

■ The elements of a fraud action that must be pleaded and proved are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, (9) and his consequent and proximate injury. *Schimmer v. H. W. Freeman Const. Co.,* 607 S.W.2d 767, 769 (Mo.App.1980). In addition, all averments of fraud must state *with particularity* the

circumstances—i.e., the facts—constituting the fraud. Rule 55.15; *Green v. Green,* 606 S.W.2d 395, 398 (Mo.App.1980).

■ We find upon examining Count I that it is insufficient to make out a claim of fraud. The petition alleges that the officers' statements were false and misrepresented a plan then existing, but it fails to allege particular facts supporting the allegation of falsity or showing defendant's intent at that time not to act in accordance with the statements. Indeed, the petition reveals that General Last remained in St. Louis with plaintiff as an employee for nearly eight years following the first set of representations and for nearly three years following the latest of the second set. Although state of mind or intent can be the existing fact misrepresented, *Schimmer,* 607 S.W.2d at 770, the facts as pleaded here support the truth rather than the falsity of the representations at the time they were made. The representations were apparently accompanied by an intent to abide by them since they were carried out for several years. Thus, as pleaded, the statements were not misrepresentations of then existing facts. Furthermore, the petition presents no allegation, nor facts from which we may infer, that plaintiff had a right to rely on any representations of Brown's officers. We conclude that the trial court properly dismissed Count I for failure to state a claim upon which relief can be granted. We need not address the other stated ground for dismissal of this count. If either of the grounds asserted is valid, the trial court's order of dismissal must be affirmed. *Butler v. Circulus, Inc.,* 557 S.W.2d 469, 471 (Mo.App.1977).

In his second point plaintiff contends the trial court erred in dismissing Count II (tortious interference) for failure to state a claim in that the petition stated a factual situation upon which relief could be granted.

The petition alleged the following facts, in addition to those contained in Count I. Since plaintiff left the employ of General Last in May 1976, he has been employed

with W. D. Quinn Saw Company. In that capacity he has contracted with Goff Model Shop, Kenton Last Division of Brown Shoe Company, Inc.,[1] Gateway St. Louis Diversified, Inc., and other companies. During that time defendant knew of those contracts and economic relationships. With intent to interfere therewith, defendant's officer Adrian (and other representatives of defendant whom plaintiff was unable to identify) told those companies that Brown would cease doing business with them if they conducted any business with plaintiff. Defendant also encouraged the companies to breach any present and future contract or other economic relations with plaintiff or his employer. The petition further stated:

At all such times, Plaintiff had contract, a valid business relationship, and the expectancy of future contract and business relationships with such companies; the Defendant knew of such, and intentionally interfered therewith, causing an interference and breach of such economic relationship between Plaintiff and such companies; all completely without any [justification[2]]; all of which resulted in Plaintiff sustaining damages in the sum of Two Hundred Fifty Thousand Dollars ($250,000).

The elements of a claim for tortious interference with business relations are: (1) a contract or valid business relationship or expectancy existed; (2) defendant knew of the contract or relationship and (3) intentionally interfered with it, inducing or causing its breach (4) without justification; and (5) plaintiff was thereby damaged. *Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo.banc 1979).

In determining whether plaintiff states a cause of action, we give the petition its broadest intendment, accept all facts averred as true and liberally construe them in plaintiff's favor. *Schmidt v. Schmidt,* 617 S.W.2d 601, 604 (Mo.App. 1981). The petition is sufficient to withstand a motion to dismiss if its allegations invoke substantive principles of law entitling plaintiff to relief and inform defendant of what plaintiff will attempt to prove at trial. *Fischer,* 586 S.W.2d at 315. We find that Count II meets this minimum requirement. The particularity required to state a claim for fraud, Rule 55.15, is not required in pleading tortious interference with business relations. *See* Rule 55.05. Although plaintiff could be compelled by motion to give more information, the petition need state only the ultimate facts and not the facts or circumstances by which plaintiff will establish the ultimate facts. *Fischer,* 586 S.W.2d at 316.

Cases relied upon by defendant are distinguishable. In *Tri-Continental Leasing Co. v. Neidhardt,* 540 S.W.2d 210 (Mo.App. 1976), plaintiff failed in his proof rather than in his pleading of the elements of tortious interference with contract. In *Pillow v. General American Life Ins. Co.,* 564 S.W.2d 276, 282 (Mo.App.1978), the petition affirmatively alleged facts showing that defendant had an economic interest in plaintiff's contracts with his patients and thus justification for its interference with them. Plaintiff in the present case did not defeat his own claim by alleging facts that showed defendant was justified in interfering with plaintiff's business relations.

We further find that this claim was not barred by res judicata. In the previous case, plaintiff's second amended petition

---

1. Defendant's brief states that "Kenton" is actually Kenton Custom Molding Division and is an unincorporated arm of Brown. Assuming defendant's statement is true, that fact alone would not mean Count II fails to state a claim since it alleges business relations with companies other than Kenton. If plaintiff asserts any set of facts which, if proved, would entitle him to relief, defendant's motion to dismiss must be denied. *White v. Mulvania,* 575 S.W.2d 184, 188 (Mo.banc 1978).

2. Plaintiff's reply brief notes that there was a typographical error in this paragraph of the petition using the term "jurisdiction" instead of "justification," but that the intended meaning was clear. Construing the petition most favorably to plaintiff, we find that the meaning was clear.

was dismissed *without prejudice* and without leave to amend. Dismissal without prejudice permits plaintiff to bring another civil action for the same cause. Rule 67.03. "Without leave to amend" indicates the petition in that lawsuit could not be amended a third time. Defendant contends that the order dismissing "without prejudice and without leave to amend" was ambiguous but that it clearly forced plaintiff to file a new lawsuit. We agree that further pursuit of this cause required plaintiff to file another lawsuit. He did so. As to Count II, we conclude that the new allegations sufficiently differed from those in the second amended petition to now state a claim for tortious interference with business relations. Thus, the trial court erred in dismissing Count II.

The judgment is affirmed in part and reversed in part. The cause is remanded to the trial court for further proceedings consistent with this opinion.

GUNN, C. J., and SIMON, J., concur.