Darold WIENERS, Plaintiff-Appellant,

v.

Joe D. MILLER, d/b/a Miller Insurance Agency, Defendant-Respondent.

No. 13539.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 28, 1984.

Charles M. Wesley, Waynesville, for plaintiff-appellant.

William C. Morgan, Waynesville, P. Pierre Dominique, Jefferson City, for defendant-respondent.

FLANIGAN, Judge.

Plaintiff Darold Wieners brought this action against defendant Joe D. Miller, d/b/a

Miller Insurance Agency, seeking a judgment of $2,646.36. Defendant filed a motion to dismiss on the ground that the second amended petition failed to state a claim upon which relief can be granted. The trial court sustained the motion. Plaintiff appeals.

Plaintiff asserts that the trial court erred in dismissing the action "for the reason that the averments in the second amended petition state a cause of action for fraudulent misrepresentation."

Rule 55.15, V.A.M.R., reads, in pertinent part: "In all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and any other condition of mind of a person may be averred generally."

■ In an action based on fraud, all of the elements of fraud must be pleaded in the petition. *Huttegger v. Davis,* 599 S.W.2d 506, 511–512 (Mo. banc 1980); *Weitzman v. Weitzman,* 156 S.W.2d 906, 908 (Mo.1941); *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 319 (Mo.App.1982); *Green Acres Enterprises, Inc. v. Nitsche,* 636 S.W.2d 149, 153 (Mo.App.1982); *Benson v. Geller,* 619 S.W.2d 947, 948[2] (Mo.App.1981); *Scott v. Gibbons,* 611 S.W.2d 387, 388 (Mo.App.1981); *Green v. Green,* 606 S.W.2d 395, 397 (Mo.App.1980); *Vangilder v. City of Jackson,* 492 S.W.2d 15, 18[6] (Mo.App.1973).

"The elements of fraud are: 1) a representation, 2) its falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, or his ignorance of its truth, 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, 6) the hearer's ignorance of the falsity of the representation, 7) the hearer's reliance on the representation being true, 8) his right to rely thereon, and 9) the hearer's consequent and proximately caused injury." *Sofka v. Thal,* 662 S.W.2d 502, 506[2] (Mo. banc 1983).

Seeking to uphold the ruling of the trial court the defendant argues that the second amended petition is defective in failing to plead, or in pleading inadequately, elements 2, 4 and 8.

The second amended petition alleged the name and residence of each party. The other allegations, set forth in substance and in the order in which they appear in the pleading, are as follows:

1. Defendant is engaged in the general insurance business and does business as Miller Insurance Agency. On October 24, 1974, Central National Insurance Company, acting through defendant as its agent, issued a policy of insurance to one Hunter, insuring Hunter's mobile home against fire. The policy was issued for a 12-month period commencing October 24, 1974. The policy [which was attached as an exhibit and incorporated in the second amended petition] named Hunter as the named insured and named a Waynesville bank as a loss payee.

2. The bank, as holder of a note in the amount of $2,646.36 dated May 13, 1975, had a security interest in the mobile home which had been mortgaged to secure the note. The signers of the note included plaintiff and one Kelley.

3. On August 4, 1975, Hunter assigned the certificate of title to the mobile home to Kelley and on August 18, 1975, the Missouri Department of Revenue issued to Kelley a new certificate of title on the mobile home.

4. Plaintiff "ascertained" that Hunter "wanted to sell" the mobile home to Kelley, and plaintiff "contacted" the bank "who financed the mobile home for Kelley, giving a promissory note in the amount of $2,646.36 and a security agreement. Plaintiff co-signed the note."

5. Plaintiff contacted Mary Rollins, an employee of defendant at defendant's agency, and informed her that Hunter "was desirous" of selling the mobile home to Kelley, that the bank "had refinanced" the mobile home for Kelley, and that plaintiff was his co-signer on the note to the bank. "Plaintiff was told that they could not write another policy on the same mobile home, that Hunter would have to cancel

the policy that was in force, *and that it would be in force until the expiration date of October 24, 1975."* (Emphasis added.)

6. Plaintiff, in reliance on the false representation made by defendant's employee Mary Rollins, "to-wit, that the insurance policy would be in force until October 24, 1975," failed to take out other insurance on the mobile home.

7. On August 8, 1975, the mobile home was totally destroyed by fire.

8. On August 9, 1975, plaintiff reported the loss of the mobile home to defendant and was assured that the mobile home was covered by insurance. Two weeks later an adjuster from United Claims Service "prepared a proof of loss in the amount of $2,950 that was promptly mailed to United Claims Service," and two weeks later the adjuster stated "that the insurance company was not going to pay the loss." The following day plaintiff spoke with defendant who informed plaintiff that the insurance company "should pay the bank, the mortgagee." Three days later defendant called plaintiff and informed plaintiff that defendant "could not get the insurance company to do anything and requested that plaintiff contact the Insurance Commissioner for the State of Missouri." The prayer was for $2,646.36.

It is plaintiff's position, as previously stated, that the petition sets forth a cause of action for fraudulent misrepresentation. He makes no claim that the petition states some other cause of action. The language relied upon to constitute the misrepresentation is italicized in paragraph 5.

Paragraph 5 does not state the date of the conversation which plaintiff had with Mary Rollins or specifically that it occurred prior to the date of the fire. Plaintiff does not claim to have been an insured or a loss payee under the policy. It is also true that the alleged conversation dealt with the construction or effect of a legal document.[1] It is unnecessary to consider whether any of the foregoing matters lends validity to defendant's arguments that elements 2 and 8 were pleaded defectively.

 This court holds that the second amended petition was defective in failing to plead element 4. With respect to the statement allegedly made by Mary Rollins, italicized in paragraph 5, there is no allegation that she (or, for that matter, defendant) had knowledge of its falsity or was ignorant of its truth. Although Rule 55.15 permits "knowledge" or "any other condition of mind of a person" to be "averred generally," no such allegation, general or specific, is made.

The pleading under consideration was the second amended petition and plaintiff makes no claim that the trial court should have granted him leave to amend.

The order of the trial court, sustaining the motion to dismiss, is affirmed.

TITUS, P.J., and GREENE, J., concur.

---

1. See, generally, 16A Appleman, Insurance Law and Practice, § 8874.35, p. 368, et seq.