**Richard MILLER, Appellant,**

v.

**FORD MOTOR COMPANY, et al., Respondent.**

No. 51409.

Missouri Court of Appeals, Eastern District, Division One.

June 30, 1987.

Susan M. Hais, Clayton, for appellant.

L. Joseph Garavaglia, St. Ann, for Costello Ford, Inc.

G. Keith Phoenix and Mary Anne Mellow, St. Louis, for Ford Motor Co.

SATZ, Presiding Judge.

Plaintiff Richard Miller filed suit against defendants, Costello Ford, Inc. (Costello) and Ford Motor Company (Ford). The trial court dismissed plaintiff's fourth amended petition with prejudice. Plaintiff appeals. We affirm.

Plaintiff attempts to define the liability of Costello and Ford in three Counts: Count I—breach of an "implied and express warranty that [a car purchased by plaintiff from Costello] was fit for the ordinary purpose for which an automobile is used"; Count II—fraudulent representations concerning the conditions of the car; and Count III—punitive damages because the false representations were "maliciously" made. Plaintiff also attempts to allege an agent/principal relationship between Costello and Ford based upon an alleged "express agreement" between them or upon inferences drawn from the alleged conduct of either Costello or Ford or both.

■ On appeal, plaintiff makes one broad, general argument and two specific arguments. Plaintiff first argues his "[p]etition states a claim upon which relief could be granted". This argument is too general to raise any issue on appeal. Rule 84.04(d); *See, e.g., Groh v. Shelton,* 428 S.W.2d 911, 915 (Mo.App.1968). Plaintiff also argues he properly pleaded the agent/principal relationship between Costello and Ford. More specifically, plaintiff contends he alleged "a relationship of agency exists between" Costello and Ford, and this allegation is sufficient to withstand a motion to dismiss. In addition, plaintiff argues the "issue of agency is a question of fact" and, thus, is not "subject to a motion to dismiss". We need not and do not determine whether these contentions are specific enough to raise any issue on appeal. As we understand plaintiff's petition, the liability of Ford is vicariously dependent on the conduct of its alleged agent Costello. Thus, if no claim has been alleged against Costello, the dismissal of the petition against Costello is proper and is also proper against Costello's alleged principal, Ford. Plaintiff does not attack the trial court's dismissal of his warranty count. He only attacks the court's dismissal of his fraud counts. We find plaintiff's allegations do not state a claim for fraud.

The general rules governing the pleading of a claim for relief are well known. Technical forms of pleading are no longer re-

quired. Rule 55.04. To plead a claim for relief, the pleader must simply allege a "plain statement of the facts showing [he] is entitled to relief...." Rule 55.05. Although the pleader need not allege evidentiary or operative facts, *e.g., Scheibel v. Hillis,* 531 S.W.2d 285, 290 (Mo. banc 1976), he must allege ultimate facts and cannot rely on mere conclusions, *e.g. Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 22 (Mo. banc 1983). These general rules are much easier stated than applied.

■ The rules governing the pleading of fraud, however, are more precise. "[T]he circumstances constituting fraud ... shall be stated with particularity". Rule 55.15. *E.g., Green v. Green,* 606 S.W.2d 395, 398 (Mo.App.1980). Thus, the fraud must clearly appear from the allegations of fact independent of conclusions. *Id.* And, all the elements of fraud must be pleaded. Failure to plead any one of the essential elements properly is fatally defective. *See, e.g. Wieners v. Miller,* 683 S.W.2d 659, 660 (Mo.App.1984);

■ The elements of fraud are: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity; 5) the speaker's intent the representation be acted upon by the other party; 6) the other party's ignorance of its falsity and right to rely on its truth; and 7) proximately caused injury. *E.g., Green Acres Enterprises, Inc. v. Nitsche,* 636 S.W.2d 149, 153 (Mo.App.1982). Plaintiff's petition, stripped of its excess verbiage, attempts to state a claim in fraud by alleging:

1. "Defendant Costello sold ... to plaintiff an LTD Ford County Squire Station Wagon ..." [1]

2. The defendants, Costello and Ford, "deceived and defrauded" plaintiff and "falsely represented" that the car "was sound and operable", and Costello acted as an "agent and servent (sic) of" Ford, and defendants "acted in joint enterprise and in concert in deceiving and defrauding the plaintiff and making the following representations":

---

1. No specific allegation is made that the station wagon was either new or used.

(a) "Costello" stated "a Ford representative came to examine and aid in the repair of the [car]".

(b) "Costello" stated "a Ford representative kept the car for two weeks for examination and aid in the repair".

(c) "Costello" stated it "had contacted and were working with the Ford representative for repairing [the car]".

(d) "Costello" stated "Ford ... would pay part of the repair costs".

(e) "Costello" stated "Ford ... would guarantee an operable automobile".

3. Plaintiff relied on these representations.

4. Subsequently, Costello, "as agent and servant of Ford ..., and acting in joint enterprise and concert with Ford ..., again falsely made a representation that [the] carburetor had been replaced and ... the vehicle was operable, when in fact, they knew [this] representation was false [and] made with the entent (sic) that it should be acted upon by the plaintiff".

5. Costello and Ford "acted with malice, intent and knowledge of the aforesaid representations".

6. Plaintiff had the "right to rely on the [representation] and did ... rely thereon and was damaged as a proximate result ...".

7. Plaintiff incurred these damages: "rental bills, car repair, inconvenience, vehicle costs, attorney's fees and costs".

8. Costello and Ford, "acting jointly and severally, intended that plaintiff rely on the [above] false claims and representations made" by them, and plaintiff relied on these representations.

Wherefore, plaintiff prays judgment for $15,000.00 and costs.

The representations attributed to defendants are certain enough. There is nothing in the petition, however, to indicate when or under what circumstances the representations were made. *See, e.g., Green v. Green*, 606 S.W.2d 395, 398 (Mo.App.1980). It is not known by reading plaintiff's petition, for example, if the person making the representation had the authority to speak on behalf of Costello.

More important, perhaps, the petition does not make clear which representation, or representations, plaintiff is relying on to establish his fraud claim. He alleges one set of representations in paragraph 2.(a)-(e) above and a subsequent representation in paragraph 4. We do not know whether the first set of representations is merely factual background or whether two separate incidents of fraudulent representations were alleged.

Moreover, plaintiff has not alleged facts showing a causal connection between the representations and his damages. Normally, defrauded plaintiffs seek to recover the "benefit of the bargain"; the difference between the true value of the product and its value as represented by the defendant. Plaintiffs sometimes seek the difference between the amount paid for the product and its actual value, called the "restitutionary" measure of damages. *See generally*, Dobbs, *Remedies* § 9.2 (1973). Here, the plaintiff seeks special consequential damages such as rental and repair bills. Understandably, neither the defendants nor the trial court could causally connect representations such as "a Ford representative would aid in the repair of the car" with the damages pleaded by plaintiff.

There are other fatal defects in plaintiff's petition. We find no need, however, to extend our discussion. We have read the petition, giving it the most liberal interpretation allowed by our pleading principles. Those principles may have abolished the technicalities of common law pleading. They do not abolish the need for clear thinking and clarity. *See, e.g., Bennett v. Mallinckrodt*, 698 S.W.2d 854, 867 (Mo. App.1985). Plaintiff had a number of opportunities to plead recognizable claims against defendants. His fourth amended petition still fails to accomplish this.

Judgment affirmed.

CRIST and KELLY, JJ., concur.