CUSTOM CRAFT TILE, INC.,
Plaintiff-Respondent,

v.

BRIDGECREST, INC., Defendant,

and

R. William Burmeister,
Defendant-Respondent,

and

Fred A. Chapman, Defendant-Appellant.

No. 46720.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 13, 1983.

Donald C. Anton, St. Louis, for defendant-appellant.

Paul A. Hennerich, Chesterfield, for plaintiff-respondent.

SMITH, Judge.

Defendant, Fred Chapman, appeals from a summary judgment against him on plaintiff's claim and from dismissal of his cross-claim against defendant Burmeister.

Plaintiff's action against Chapman and Burmeister arose upon a promissory note to plaintiff from Bridgecrest Inc. in the amount of $18,681.95. The note was dated October 6, 1976, and was due one year from date. It was signed by Chapman as president of Bridgecrest and was endorsed in blank by Chapman and Burmeister as individuals. Plaintiff's action against Chapman and Burmeister was based on their status as endorsers.[1] Chapman admitted execution of the note, his endorsement thereof, and non-payment by Bridgecrest. In an affidavit in opposition to the motion for summary judgment, Chapman denied receiving timely notice of dishonor from plaintiff. Plaintiff's affidavit averred such notice.

Chapman's two count cross-claim against Burmeister was premised upon misrepresentations made to induce him to execute the note and endorse it and in failing to reveal the true purpose of the execution of the note.

We deal first with plaintiff's claim. The only material fact in dispute in view of the pleadings, affidavits, interrogatories, and admissions was the question of notice of dishonor. The affidavits squarely presented a factual dispute about whether such notice was given. Sec. 400.3–508, RSMo 1978, requires that notice of dishonor be given in this case before midnight of the third business day after dishonor. If notice of dishonor is delayed beyond the time when it is due without excuse, the endorser is discharged. Sec. 400.3–502(1)(a). Presentment of the note to Bridgecrest was required on October 6, 1977. Sec. 400.3–503(1)(a). The record supports a finding that presentment was made on that day. On the basis of the affidavits the timely notice of dishonor to Chapman presented a material question of fact.

█ Plaintiff contends, however, that such notice of dishonor was not required for two reasons. The first is that Sec. 400.3–511(3)(a) provides that presentment is entirely excused when the maker of the instrument is in insolvency proceedings instituted after the issue of the instrument. That section does not by its language deal with waiver of notice of dishonor. Even if it did it would not apply here for the bankruptcy proceedings of Bridgecrest did not occur until December 1978, long after presentment was due and was made. The statute refers to "presentment" being excused if the maker "is . . . in insolvency proceedings." This obviously refers to insolvency proceedings pending at the time presentment is due. This section cannot serve to reinstate a liability of an endorser already discharged because of failure of presentment or failure of notice of dishonor occurring long before the institution of the insolvency proceedings. The purpose of requiring timely presentment and timely notice of dishonor to enforce the obligation of an endorser is to provide him with an opportunity to enforce his rights and seek collection against the maker of the instrument who has primary responsibility for the

---

1. Burmeister's motion for summary judgment on plaintiff's claim was granted on the basis of plaintiff's admission that it did not give Burmeister notice of dishonor.

debt. 11 Am.Jur.2d, Bills and Notes, Sec. 806. To allow reinstatement of liability because of subsequent insolvency would have the opposite effect. The insolvency proceedings against Bridgecrest occurring long after presentment and notice of dishonor were required do not excuse the failure to give notice.

■ Secondly, plaintiff contends that no notice of dishonor was required under *Home Trust Co. v. Josephson,* 339 Mo. 170, 95 S.W.2d 1148 (banc 1936) [7, 8], because of Chapman's status as president of Bridgecrest. While, as defendant argues, *Josephson* predates the Uniform Commercial Code in this state, the doctrine espoused in that case is included as an excuse for non-notice in Sec. 400.3–511(3)(a) and (b). The doctrine of *Josephson* is still applicable. But *Josephson* involved the sole stockholder and main officer of the maker of the instrument at the time the instrument became due and presentment was made. The record in the case before us conclusively shows that Chapman was president of Bridgecrest at the time the note was executed. It does not clearly show his status on the due date or presentment date of the instrument. Plaintiff's answers to interrogatories state presentment was made to Chapman, President of Bridgecrest. Chapman's answers to interrogatories indicate he did not hold a position with Bridgecrest at the time of presentment which would trigger the *Josephson* exception to the requirement of notice. Neither affidavit addresses the issue. On the record before the court when the summary judgment was entered there existed a material question of fact of timely notice of dishonor to Chapman and summary judgment was improperly granted.

■ We find no error in the court's action in sustaining Burmeister's motion to dismiss Chapman's cross-claim. Rule 55.15 requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The elements of fraud have been repeatedly set forth in the cases and need not be repeated here. *See, Lowther v. Hays,* 225 S.W.2d 708 (Mo.1950) [3–6];

*Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627 (Mo.App.1980) [2–5]. It is sufficient to say that Chapman's cross-claim did not set forth with particularity the elements of an action in fraud. Other than bald conclusions there are no allegations of what inaccuracy is contained in Burmeister's alleged representations made prior to Chapman's signing the note. The cross-claim does not identify Burmeister's relationship to Bridgecrest, to Chapman, or to Custom Craft Tile. It gives not the slightest hint why Chapman, president of Bridgecrest, had any right to rely upon the alleged representations of Burmeister concerning the reasons for the execution of the note. Nor does the cross-claim posit any causal relationship between these representations and damage to Chapman except in the most general of terms. The same problems exist in Count II of the cross-claim based on Burmeister's alleged failure to disclose the true reasons for execution of the note. Why Burmeister had an obligation to disclose the purposes of the note is unanswered in the cross-claim. No fiduciary relationship, inequality of condition between the parties, or superior knowledge of Burmeister is alleged. In the absence of some obligation to disclose, no liability arises from failure to do so. *Slater v. K.F.C. Corporation,* 621 F.2d 932 (8th Cir.1980) [4]. The cross-claim failed to state a cause of action in either count.

■ Chapman also complains of the failure of the trial court to continue the hearing on the motions. Several days prior to that hearing Chapman's counsel withdrew. Chapman was advised of that withdrawal and of the pendency of the hearing on the motions. He did not appear, personally or by counsel, and made no request that the hearing be continued. Chapman's original counsel had withdrawn in May 1980 and his second counsel did not enter an appearance until November 1981, and during that period Chapman represented himself. Chapman's motion for summary judgment and other documents filed with the court contained the signature of Chapman's attorney and of Chapman, who was designated "pro se." Under these circumstances we find no

abuse of discretion in the trial court failing to continue the hearing on its own motion.

Judgment for Custom Craft Tile, Inc. reversed and remanded for further proceedings. Order dismissing defendant Chapman's cross-claim against Burmeister is affirmed.

GAERTNER, P.J., and STEPHAN, J., concur.