**Leonard J. VERNI, Appellant–Respondent,**

v.

**CLEVELAND CHIROPRACTIC COLLEGE, Respondent,**

**Aleksandr Makarov, Respondent–Appellant.**

**No. SC 87565.**

Supreme Court of Missouri, En Banc.

Jan. 30, 2007.

Theodore D. Barnes, Independence, Scott E. Giffen, Mission, for Appellant-Respondent.

Nikki Cannezzaro, John E. Franke, Franke, Schultz & Mullen, P.C., Kansas City, for Respondent-Appellant.

MICHAEL A. WOLFF, Chief Justice.

### Facts

Leonard Verni was a student of chiropractic medicine at Cleveland Chiropractic College. Verni enrolled in a dermatology class at Cleveland that was taught by Dr. Aleksandr Makarov. Prior to the first examination in that class, a student anonymously contacted Cleveland's academic dean and alleged that Verni was selling copies of the forthcoming examination. The dean completed an incident report detailing the allegation. Cleveland conducted an investigation, concluding that Verni committed academic misconduct as detailed in the college's handbook by "[b]uying, selling, otherwise obtaining, possessing or using any copy of any material intended to be used as an instrument of academic evaluation in advance of its initial administration." Cleveland dismissed Verni from the college, notifying him by letter of his right to appeal the decision in accord with the "due process" procedures set forth in the student handbook. After exhausting the appeal procedures, Verni filed the present action against Cleveland and Dr. Makarov.

At trial, the case was submitted under the following four theories: (1) breach of contract against Cleveland, (2) fraudulent misrepresentation against Cleveland, (3) breach of contract against Dr. Makarov, and (4) fraudulent nondisclosure against Cleveland. The jury returned a verdict against Cleveland on Verni's fraudulent misrepresentation claim, awarding Verni $20,000 in damages. The jury returned a verdict against Dr. Makarov on the breach of contract claim, awarding Verni $10,000 in damages. The jury returned a verdict in favor of Cleveland and against Verni on the remaining breach of contract and fraudulent nondisclosure claims. On Cleveland's motion for judgment notwithstanding the verdict, the circuit court set aside the verdict against Cleveland on the fraudulent misrepresentation claim. The circuit court denied Verni's motion for additur or new trial on the issue of damages.

Verni appeals from the circuit court's judgment asserting error relating to the amount of damages in the breach of contract claim. Verni also appeals the trial court's judgment setting aside the verdict on Verni's fraudulent misrepresentation claim. Dr. Makarov cross-appeals, asserting error with regard to the jury's verdict on the breach of contract claim.

### Discussion

### Verni is not a third-party beneficiary of the contract

■ Verni's breach of contract claim asserts that he is a third-party beneficiary of

the employment contract between Dr. Makarov and Cleveland. Dr. Makarov argues that Verni was not a party to the contract or a third-party beneficiary of the contract and, thus, did not have standing to raise the claim.

■ Whether Verni had standing to raise the breach of contract claim is a matter of law that this Court reviews *de novo*. *Goldring v. Franklin Equity Leasing Co.* 195 S.W.3d 453, 456 (Mo.App. 2006). Where a question of standing has been raised, this Court has a duty to resolve that question before reaching substantive issues. *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002).

■ Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract. *Andes v. Albano*, 853 S.W.2d 936, 942 (Mo. banc 1993); *General Motors Acceptance Corp. v. Windsor Group, Inc.*, 2 S.W.3d 836, 839 (Mo.App.1999). "To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member." *Nitro Distributing, Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo. banc 2006). "In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves." *Id.* "Furthermore, a mere incidental benefit to the third party is insufficient to bind that party." *Id.*

This matter is resolved by examining the contract's language. *OFW Corp. v. City of Columbia*, 893 S.W.2d 876, 879 (Mo.App.1995). The contract is a one-page document providing that Dr. Makarov would be a full-time faculty member of Cleveland for one year. The contract required him to be on campus a certain amount of time each week and outlined his teaching duties. In return, the contract provided Dr. Makarov's salary and employment benefits. Although the contract might incidentally provide a benefit to Cleveland students, it does not clearly express any intent that Dr. Makarov was undertaking a duty to benefit Verni or a class of students.

The contract also required Dr. Makarov to comply with the policies and procedures stated in Cleveland's faculty handbook and with any institutional modification thereof. Verni alleges that Dr. Makarov violated the handbook's requirement that faculty members treat students with courtesy, respect, fairness, and professionalism. The handbook also provides that students are entitled to expect such treatment. Assuming, for the sake of argument, that the faculty handbook is a binding part of the employment contract, this language does not overcome the strong presumption that the contract was executed solely for the parties' own benefit.

Undoubtedly, Verni and all of Cleveland's students are incidental beneficiaries of employment contracts between the college and faculty members, but not every person who is benefited by a contract may bring suit to enforce that contract. Rather, only those third-parties who are clearly intended beneficiaries may do so. Verni is not entitled to third-party beneficiary status under the contract between Cleveland and Dr. Makarov because the terms of the contract do not directly and clearly express the intent to benefit Verni or any class of which Verni claims to be a member.

The judgment of the circuit court against Dr. Makarov on Verni's breach of contract claim is reversed.

**Verni did not make a submissible case of fraudulent misrepresentation**

■ Verni claims that Cleveland fraudulently misrepresented facts regarding the due process procedures it would follow in its disciplinary appeal hearings. These procedures, detailed below, were

written in Cleveland's student handbook. After a jury verdict in favor of Verni, the circuit court granted Cleveland's motion for judgment notwithstanding the verdict. The court found, in part, that Verni failed to present any substantial or competent evidence indicating that he relied on the representations. Upon review of that decision, this Court looks to determine whether Verni made a submissible case. *Jungerman v. City of Raytown*, 925 S.W.2d 202, 204 (Mo. banc 1996). The evidence is viewed in the light most favorable to the jury's verdict, which found for Verni. *Id.*

■■ In order to prove fraudulent misrepresentation, the evidence must establish the following elements: (1) the claim is a false, material representation; (2) the speaker knows of its falsity; (3) the speaker intended that the statement should be acted upon by the hearer in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on its truth, and the right to rely thereon; and (6) proximate cause. *Joel Bianco Kawasaki Plus v. Meramec Valley Bank*, 81 S.W.3d 528, 536 (Mo. banc 2002). "A failure to establish any one of the essential elements of fraud is fatal to recovery." *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988).

This Court need only address the reliance requirement because it disposes of the issue. Cleveland's "due process" appeal procedures (1) require an odd-numbered appeal committee to be appointed, consisting of at least two faculty members and at least two students, (2) establish a timeline for holding a hearing and providing the student with the relevant evidence, (3) provide that the student may have an advisor or counselor present, (4) allow the student to be present and to give evidence in support of his or her side, (5) allow the student to see and/or hear all evidence presented against him or her, (6) allow the student to present witnesses or written affidavits on his or her behalf and "to question any testimony presented by witnesses as evidence against him/her," and (7) require that the appeals committee notify the student in writing of its findings. The procedures also provide that tape recordings of the hearing will be maintained by the school and that students can request a written transcript of the hearing.

Verni argues that because he was unable to hear and cross-examine the witnesses against him, he was unable to properly refute the charges. He asserts that his reliance on the "due process" procedures "could only be shown by appearing at the hearing ..., by reviewing the materials in the appeal packet given to him containing the charge and the interviews ..., by bringing the textbook for the Dermatology class to show where that (sic) he got the practice questions he wrote" and by being prepared to show how his handwritten questions differed from the actual exam given.

Verni's argument is a red herring. The facts show that Verni did almost nothing in preparation for the appeal hearing. Despite consulting an attorney prior to the hearing and knowing that he could have a counselor or attorney present, Verni decided not to have one. Verni was told prior to the hearing that he could present witnesses or written affidavits of witnesses on his behalf, but he did neither. Verni testified that he could have had his wife, who saw him writing the questions, testify for him. In addition, he could have had his two study partners—one of whom allegedly saw Verni writing out the examination questions—testify on his behalf. Verni also knew that he could call the individual who prepared the incident report to testify. Verni voluntarily waived his right to have a full committee present at his hearing when one of the required members did not show up. At trial, Verni testified that

no appeals member refused to do anything he requested.

Verni was required to present evidence that he relied upon the representations that Cleveland would follow the "due process" procedures at his appeal hearing. Verni did not present evidence that he relied on those representations. The circuit court granted judgment notwithstanding the verdict; its judgment is affirmed.

### Conclusion

Verni is not a third party beneficiary to the contract between Dr. Makarov and Cleveland. The judgment of the circuit court on the breach of contract claim against Dr. Makarov is reversed.

Because Verni did not make a submissible case of fraudulent misrepresentation against Cleveland, the judgment of the circuit court granting judgment notwithstanding the verdict is affirmed.

The judgment is affirmed in all other respects.

All concur.