**HSBC AUTO FINANCE, INC.,**
**Plaintiff/Respondent,**

v.

**Paul W. LYLES,**
**Defendant/Respondent,**

**Budgetline Cash Advance of Missouri, LLC d/b/a Budgetline Cash Advance,**
**Defendant/Appellant,**

and

**State of Missouri, Department of Revenue, Division of Motor Vehicles,**
**Defendant/Respondent.**

**No. ED 89216.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 2007.

Rehearing Denied Dec. 18, 2007.

K. Kim Shaffer, Swanson Midgley, LLC, Kansas City, MO, for appellant.

---

Todd W. Ruskamp, Kristen F. Trainor, Kansas City, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Budgetline Cash Advance ("Budgetline") appeals from the trial court's grant of summary judgment in favor of HSBC Auto Finance Inc. ("HSBC"). We reverse and remand.

## I. Background

HSBC and Budgetline are both lenders who entered into separate security agreements with Paul W. Lyles ("Borrower"). In January of 2005, HSBC entered into a loan repayment and security agreement with Borrower, wherein HSBC lent Borrower a sum of money in exchange for a security interest in Borrower's vehicle ("Vehicle"). In May of 2005, Budgetline and Borrower entered into a title loan agreement, wherein Budgetline lent Borrower a sum of money in exchange for a security interest in the Vehicle. Both parties' security agreements contain arbitration provisions.[1] After entering into its security agreement with Borrower, Budgetline perfected its lien by noting its security interest on the title of the Vehicle with the Missouri Department of Revenue. HSBC also claims to have perfected its interest in the Vehicle by filing lien documents with the Missouri Department of Revenue. However, the Vehicle's title shows Budgetline as the first lien holder, and does not indicate that HSBC ever perfected its lien on the vehicle. The record does not contain any answer from the Missouri Department of Revenue regarding HSBC's allegations.[2] HSBC has not

been able to produce any document signed by Borrower acknowledging the debt or the lien; nor has Borrower admitted signing any such document.

Borrower defaulted on both loans and HSBC took possession of the Vehicle. Budgetline notified HSBC of Budgetline's interest in the vehicle, and demanded that HSBC return the Vehicle to Budgetline. In response, HSBC filed an action against Budgetline, seeking a declaratory judgment as to the priority of HSBC's security interest in the Vehicle. HSBC moved for partial summary judgment against Budgetline, arguing that Budgetline's agreement with Borrower was void and unenforceable under the Missouri Title Loan Statutes, which void any loan agreements in which a title lender accepts any waiver of any right or protection of a borrower. Section 367.527.1.(3) RSMo Supp.2001,[3] Section 367.527.2. HSBC alleged that, because Budgetline's agreement with Borrower included an arbitration agreement, and thus a waiver of Borrower's right to a jury trial, Budgetline's loan agreement with Borrower was void. The trial court granted HSBC's motion, finding that Budgetline's title loan and vehicle lien were void and that HSBC therefore possessed a superior security interest in the Vehicle. Budgetline appeals.

## II. Discussion

■ In its sole point on appeal, Budgetline alleges that the trial court erred in granting summary judgment to HSBC on the basis that Section 367.527 invalidated Budgetline's loan agreement. We agree.

**1.** Budgetline's agreement requires arbitration of all claims, whereas HSBC's agreement requires arbitration only upon the election of either party.

**2.** The record contains a cover letter from the Missouri Department of Revenue. The cover

letter states that the Director's answer is enclosed, but the record does not include the answer.

**3.** All further statutory references are to RSMo Supp 2001.

Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract. *Verni v. Cleveland Chiropractic College,* 212 S.W.3d 150, 153 (Mo.2007) (citations omitted). To be a third-party beneficiary, "the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member." *Id.*

HSBC is neither a party to the contract between Budgetline and Borrower, nor a third party beneficiary of that contract. HSBC has not presented any authority to establish its right to challenge the enforcement of a contract to which it was not a party. Nonetheless, HSBC successfully moved below to void Budgetline's contract under the Missouri Title Loan Statutes Sections 367.527.1.(3), 367.527.2.

While the provisions of Section 367.527.2, enacted to protect the consumer borrower, could properly be raised in a dispute between Borrower and Budgetline over the validity of their contract, its benefits cannot be claimed by HSBC. *See Coleman v. Cole,* 158 Mo. 253, 59 S.W. 106, 108 (Mo.1900) (explaining that, because the defense of usury was enacted to protect the debtor, only the debtor or his privies can raise the defense of usury to void a contract); *Community Land Corp. v. Stuenkel,* 436 S.W.2d 11, 18 (Mo.1968) (holding that the defendant could not raise the statute of frauds to void a contract to which the defendant was not a party).

Because HSBC was not a party to Budgetline's agreement, HSBC lacks standing to argue that the Missouri Title Loan Statutes invalidates Budgetline and Borrower's contract. *See Community Land Corp.,* 436 S.W.2d at 18, *Schroff v. Smart,* 120 S.W.3d 751, 757 (Mo.App. W.D.2003) (holding that, because the appellants were not a party to the contract, they lacked standing to question the contract). Accordingly, point granted.

### III. Conclusion

The judgment of the trial court is reversed and remanded to the trial court to determine lien priority.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., Concur.