Violet BLACK, Appellant,

v.

RITE MORTGAGE AND FINANCIAL, INC., Respondent.

No. ED 89451.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 27, 2007.

James C. Dowling, Fulton, MO, for appellant.

Cynthia M. Davenport, Troy, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Violet Black (hereinafter, "Black") appeals the trial court's judgment dismissing her petition for compensatory and punitive damages against Rite Mortgage and Financial, Inc. (hereinafter, "Defendant") after Black failed to amend her petition. In

her sole point on appeal, Black argues the trial court erred in dismissing her petition in that she was not required to amend her petition after the trial court denied Defendant's initial motion to dismiss. While we agree Black was not required to amend her pleadings and the trial court abused its discretion in dismissing her pleadings on that ground alone, we hold this procedural error was not prejudicial and did not constitute reversible error in that Black's petition failed to state a cause of action for fraudulent misrepresentation. We affirm.

On September 7, 2006, Black filed a two count petition alleging one of Defendant's apparent agents or employees made fraudulent misrepresentations to Black and her husband with respect to the benefits of refinancing their mortgage. Black and her husband claim they relied upon these misrepresentations which resulted in the foreclosure of their home. Black sought compensatory and punitive damages as a result.

Defendant filed a motion to dismiss Black's petition on September 27, 2006, claiming Black failed to state a claim upon which relief could be granted. The trial court denied Defendant's motion on November 6, 2006; however, the trial court granted Black thirty days to amend her pleadings. After seeking additional time to amend, Black ultimately elected not to amend her pleadings. In response, Defendant filed a motion to strike Black's pleadings and dismiss the cause with prejudice because Black failed to comply with the trial court's previous orders permitting her leave to amend her pleadings. On January 10, 2007, the trial court determined Black failed to amend her pleadings and dismissed her petition with prejudice. An amended judgment was entered on June 8, 2007, allowing this case to become a final appealable judgment. Black appeals.

In her sole point on appeal, Black claims the trial court erred in dismissing her petition. Specifically, Black argues the trial court erroneously applied the law in that she was not required to amend her pleadings after the trial court denied Defendant's motion to dismiss. Defendant does not address this procedural issue, but rather, responds by addressing the underlying merits of its initial motion to dismiss, alleging the trial court properly dismissed Black's petition because it failed to state a claim for relief.

Section 510.140 RSMo (2000)[1] and Rule 67.03 permits a defendant to move for the involuntary dismissal of a party's cause of action for failure to obey the trial court's orders. The trial court's ruling to dismiss the pleadings with prejudice for failure to follow court orders is a matter left to the sound discretion of the trial court. *Butler v. Circulus, Inc.*, 557 S.W.2d 469, 477 (Mo.App.St.L.Dist.1977). Thus, this Court will review the decision to dismiss the pleadings with prejudice for an abuse of discretion. *International Motor Co., v. Boghosian Motor Co., Inc.*, 914 S.W.2d 5, 8 (Mo.App. E.D.1995). The trial court's action dismissing pleadings with prejudice is a drastic punishment; however, it is invoked properly where a party has shown a contumacious and deliberate disregard for the authority of the court. *Karolat v. Karolat*, 151 S.W.3d 852, 857 (Mo.App. W.D.2004).

While the trial court did not specify the legal authority for its ruling, Rule 67.06 could arguably authorize the trial court's dismissal of Black's petition with prejudice. Rule 67.06 states in pertinent part:

> On *sustaining* a motion to dismiss a claim ... the court shall freely grant leave to amend and shall specify the

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

time within which the amendment shall be made or amended pleading filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion.... (Emphasis added).

Thus, Rule 67.06 presumes the trial court has sustained the defendant's motion to dismiss before it considers granting leave to amend and later determining dismissal with prejudice will occur should plaintiff fail to amend in a timely fashion. In the case at bar, by contrast, the trial court denied Defendant's motion to dismiss.

Our research did not reveal an instance where the trial court denied or overruled a defendant's motion to dismiss for failure to state a claim, yet mandated a plaintiff to amend his or her pleadings in the same order. However, we find guidance in this Court's analysis of an analogous fact pattern in *Butler v. Circulus*. In Butler, the trial court dismissed the plaintiffs' sixth amended petition with prejudice for failing to follow its orders. *Id.* at 479. After an exhaustive discussion of the procedural history and the four court orders the plaintiffs were alleged to have disregarded, we determined the plaintiffs arguably violated one of the orders in four respects. *Id.* Despite these violations, we found the plaintiffs' noncompliance was excusable given the trial court's order itself and the necessity for compliance with the order was unclear and confusing. *Id.* at 481. As a result, this Court reversed and remanded the cause, finding the trial court abused its discretion by dismissing plaintiffs' petition with prejudice. *Id.* at 482.

In analyzing whether the plaintiffs failed to comply with one of the court orders, our Court in Butler recognized when a trial court's order overrules a motion to dismiss, "[o]bviously plaintiffs [are] not required to do anything to comply with this part of the order." *Id.* at 479. Here, the trial court overruled Defendant's motion to dismiss, and therefore, Black was not required to do anything in response to that determination. Accordingly, it is understandable that confusion would set in given that despite surviving a motion to dismiss, the trial court inexplicably ordered Black to amend her pleadings to cure an unknown deficiency.

■ Even though Black sought additional time to amend her pleadings, she asserts this should not affect our analysis because she ultimately elected not to amend, thus demonstrating her satisfaction with the averments of her pleading. A court may assume a party has offered the strongest presentation of his or her case that the facts permit when the party fails to amend or seek leave to amend a pleading. *See Conroy v. Solon Gershman, Inc.,* 767 S.W.2d 381, 383–84 (Mo.App. E.D.1989); *Sisco v. James,* 820 S.W.2d 348, 351 (Mo.App. S.D.1991); *Fantasma v. Kansas City, Mo., Bd. of Police Com'rs,* 913 S.W.2d 388, 392 (Mo.App. W.D.1996); and *Jordan v. City of Kansas City,* 972 S.W.2d 319, 322–23 (Mo.App. W.D.1998). Thus, a reasonable inference supports the fact Black reexamined her pleadings for possible, unspecified defects, determined there were none, and elected not to amend her petition believing it was sufficient as originally drafted given the trial court's denial of Defendant's motion to dismiss.

■ We emphasize the basic proposition that all trial court judgments and orders must be complied with in a prompt manner. *See State ex rel. Picerno v. Mauer,* 920 S.W.2d 904, 912 (Mo.App. W.D.1996)(*citing Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975)). However, given the unclear and confusing nature of the trial court's order, we find Black's noncompliance with the order excusable under these unique

circumstances. Since Black's noncompliance was excusable, we further hold Black did not exhibit a contumacious and deliberate disregard for the trial court's authority which would support dismissal of her cause of action. Therefore, we hold the trial court abused its discretion in dismissing Black's petition with prejudice for failing to amend her petition.

■ Further, we recognize Missouri's strong public policy in favor of disposing of cases upon the merits, when possible. *State ex rel. Nixon v. Summit Inv. Co., LLC,* 186 S.W.3d 428, 434 (Mo.App. S.D. 2006). "This is because '[t]he purpose of all courts is to do justice, and justice is best served when all litigants have a chance to be heard.'" *Peet v. Randolph,* 103 S.W.3d 872, 877–78 (Mo.App. E.D.2003)(*quoting Laurie v. Ezard,* 595 S.W.2d 336, 338 (Mo.App. S.D.1980)). Here, the trial court overruled Defendant's motion to dismiss for failure to state a claim. Therefore, it appears Black had a viable claim for relief pending prior to having her pleadings dismissed for failing to comply with the trial court's order to amend.

■ Not every trial error rises to the level of reversible error. *Wood v. Wood,* 94 S.W.3d 397, 404 (Mo.App. W.D.2003). In order to obtain relief on appeal, a party must not only demonstrate error, but also prejudice resulting from that error. *State ex rel. Goodman v. St. Louis Bd. of Police Com'rs,* 181 S.W.3d 156, 160 (Mo.App. E.D.2005). Thus, while Black only challenges the procedural grounds for the dismissal of her petition on appeal, we must determine whether Black was prejudiced by the trial court's procedural dismissal by examining the merits of her underlying petition as Defendant urges.

■ "In order to prove fraudulent misrepresentation, the evidence must establish the following elements: (1) the claim is a false, material representation; (2) the speaker knows of its falsity; (3) the speaker intended that the statement should be acted upon by the hearer in a manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on its truth, and the right to rely thereon; and (6) proximate cause." *Verni v. Cleveland Chiropractic College,* 212 S.W.3d 150, 154 (Mo. banc 2007). Rule 55.15 requires the pleader to state the circumstances of each element of fraud with particularity, with an exception for the general averments of mental conditions such as malice, intent or knowledge. *Dorsch v. Family Medicine, Inc.,* 159 S.W.3d 424, 430 (Mo.App. W.D. 2005). While the pleader need not allege evidentiary facts to comply with Rule 55.15, the pleader must allege ultimate facts and cannot rely upon conclusions. *Williams v. Belgrade State Bank,* 953 S.W.2d 187, 189 (Mo.App. S.D.1997). The fraud must appear clearly from the facts alleged and be independent of conclusions. *Bohac v. Walsh,* 223 S.W.3d 858, 863 (Mo. App. E.D.2007). If the plaintiff fails to plead any essential element properly, then the petition is fatally defective and subject to dismissal. *Id.* at 862–63.

■ We find Black's petition failed to allege the element of her "right to rely thereon". Black failed to allege she had a right to rely upon the agent's representations that if she and her husband refinanced with Defendant their mortgage payments would be lower, they would obtain a better interest rate, and credit life insurance was not necessary. Further, Black did not assert ultimate facts demonstrating her right to rely on the allegedly false representations. As a result, her petition fails to state a claim for fraudulent misrepresentation as a matter of law. *See Rhodes Engineering Co., Inc. v. Public*

*Water Supply Dist. No. 1 of Holt County,* 128 S.W.3d 550, 567 (Mo.App. W.D.2004).

Therefore, while we find the trial court erred in dismissing Black's petition for failing to amend her pleadings, we hold Black suffered no prejudice as a result in light of our determination that her petition failed to state a claim upon which relief could be granted. The trial court's judgment is affirmed.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.