

# Missouri Court of Appeals

## Southern District

### Division One

JERRY D. BRUMBAUGH,       )
       )
    Petitioner-Appellant,   )
       )
    v.       )    No. SD35835
       )
JOEL W. WALTERS,       )    **Filed:  April 30, 2019**
       )
    Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

Honorable Michael O. Hendrickson, Circuit Judge

*Before Burrell, P.J., Rahmeyer, J., and Lynch, J.*

### AFFIRMED

PER CURIAM.  Jerry D. Brumbaugh ("Appellant") brings this appeal.  Set forth below is the Table of Contents from Appellant's brief verbatim:

Table of Contents;
[Citations edited to points for Brief]
1.    Statement about Appeal ................................................ Page 11
2.    Grounds For Jurisdiction .............................................. Page 11
    Court rulings on RIGHT to drive ................................. Page 12
3.    2nd Support for statement of jurisdiction ..................... Page 19
    Preamble ....................................................................... Page 20
    Missouri Statutes on Licensing are unconstitutional ..... Page 26
    On the rule of necessity ............................................... Page 31

Jurisdiction of Missouri Supreme Court, is based on .... Page 33
A statement of facts ....................................................... Page 34
Points Relied On............................................................. Page 36
Legal reasons for claim of reversible error .................... Page 37
Confirmation of "Secure" right of liberty ...................... Page 43
Summary of case against Judgment .............................. Page 47
Relief lawfully and legally demanded ............................ Page 48

Beginning at page 36, under Points Relied On, Appellant's brief states verbatim:

**4. Points Relied On.**
**4.1.** Trial court erred in judgment on case of Brumbaugh v. Walters;
**4.2.** Judgment of the trial court;
page 1, 3rd paragraph; 1. ; "Driving in Missouri is a privilege or a qualified right."
2. "Motor vehicle operators are properly subject to competency examination and licensing."
Page 2; paragraph one; 3. " .... Licenses, fall within the States police powers."
Paragraph one; 4. "There is no constitutional requirement for the director of revenue to create and issue "regulatory I.D." to petitioner."
Page 2; paragraph 2; 5. ".... Director of revenue is entitled to sovereign immunity from the suit brought by petitioner."
**4.3.** Above 5 points of judgment are challenged by Appellant as judicial error.
**4.4.** Legal reasons for Appellants claim of reversible error.
**4.4.A.** In reply against 5. "sovereign immunity";
**4.4.B. From case file; page 124; 1.** GRAVES et al. v. PEOPLE OF STATE OF NEW YORK ex rel. O'KEEFE, 306 U.S. 466-492, (1939); (59 S.Ct.595,83 L.Ed. 927); Mr. Justice FRANKFURTER, concurring,
"The judicial history of this doctrine of immunity **is a striking illustration of an occasional tendency to encrust unwarranted interpretations upon the Constitution** and thereafter to consider merely what has been judicially said about the Constitution, **rather than to be primarily controlled by a fair conception of the Constitution**. Judicial exegesis is unavoidable with reference to an organic act like our Constitution, drawn in many particulars with purposed vagueness so as to leave room for the unfolding future. *But the ultimate touchstone of constitutionality is the Constitution itself and not what we have said about it."*
**4.4.C. From case file; page 126; 1d[4].** [[Preamble U.S.A. Constitution, command of "in order to" "Establish Justice".]]

We cannot discern any issue from Appellant's Points Relied On. We cannot

differentiate between what appears to be the "argument," what specific legal error the

2

trial court committed, what the trial court error is or what the facts are in the context of this case. Appellant made no effort to comply with Rule 84.04(d).[1] Respondent assists this Court in its brief by stating Appellant is appealing the dismissal of his lawsuit against the Director of Revenue in his official capacity. Respondent, too, provides the legal basis of sovereign immunity for the trial court's dismissal of Appellant's lawsuit. Appellant filed a reply brief that in no way challenged the basic premise of Respondent's defense as set forth in Respondent's brief. As such, we rely on Respondent's claim that Appellant is appealing the dismissal of his petition suing the Director of Revenue in his official capacity and alleging that the issuance of driver's licenses is illegal.[2]

If we are to have any standards at all in the filing of briefs, Appellant's brief is woefully inadequate.[3] The most egregious violation of Rule 84.04(d) is the failure to set forth a coherent point relied upon from which we can determine what Appellant claims to be trial court error and why. "A point that does not explain why the legal reasons support the claim of reversible error merits dismissal." *Jones v. Buck*, 400 S.W.3d 911, 916 (Mo.App. S.D. 2013). The points must be dismissed.

We must note to Appellant that we are an error-correcting court. We cannot come up with a theory to assist Appellant. We look to the pleadings and argument before the trial court to determine if the trial court committed error. Appellant's Petition stated that he was suing Defendant Walters in his official capacity. As a general rule, sovereign

---

[1] All references to rules are to Missouri Court Rules (2018), unless otherwise specified.

[2] Appellant appears to claim that his suit avowed trespass of his civil liberty.

[3] We feel obligated to point out that the remainder of Appellant's brief failed to comply with Rule 84.04. The jurisdictional statement violated Rule 84.04(b) in that it did not set forth sufficient factual data to demonstrate our jurisdiction. The statement of facts failed to comply with Rule 84.04(c) in failing to set forth a fair and concise statement of facts or have specific page references to relevant parts of the record on appeal.

immunity protects the state and state officials in their official capacities from suit. ***State of Ohio v. Missouri State Treasurer***, 130 S.W.3d 742, 744 (Mo.App. E.D. 2004). There may be some exceptions, but Appellant did not present the trial court with any of those exceptions or an explanation of how sovereign immunity did not apply. We cannot convict the trial court of error in not being able to seine from the record what theory Appellant was claiming to overcome sovereign immunity. Appellant's points are denied.

The judgment is affirmed.



# Missouri Court of Appeals

## Southern District

### Division One

JERRY D. BRUMBAUGH,      )
     )
     Petitioner-Appellant,      )
     )
v.      )      No. SD35835
     )
JOEL W. WALTERS,      )      Filed: April 30, 2019
     )
     Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

Honorable Michael O'Brien Hendrickson

## OPINION CONCURRING IN RESULT

I agree that the judgment should be affirmed, but I would go no further than note that in this appeal testing the legal sufficiency of Appellant's petition, his 49-page brief contains nary a reference to it.

> A motion to dismiss for failure to state a claim "'is solely a test of the adequacy of the plaintiff's petition.'" *City of Lake St. Louis v. City of O'Fallon,* 324 S.W.3d 756, 759 (Mo. banc 2010) (quoting *Reynolds v. Diamond Foods & Poultry, Inc.,* 79 S.W.3d 907, 909 (Mo. banc 2002)). "A court reviews the petition 'in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *Id.* (quoting *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993)).

1

*Edoho v. Board of Curators of Lincoln Univ.*, 344 S.W.3d 794, 797 (Mo. App. W.D. 2011).

"[T]o obtain relief on appeal, a party must not only demonstrate error, but also prejudice resulting from that error." *Black v. Rite Mortg. & Fin., Inc.,* 239 S.W.3d 165, 169 (Mo. App. E.D. 2007). A petition states a cause of action when "its averments invoke principles of substantive law which may entitle the plaintiff to relief." *Asaro v. Cardinal Glennon Mem'l Hosp.*, 799 S.W.2d 595, 597 (Mo. banc 1990).

Because Appellant has failed to demonstrate that the averments in his petition met the elements of a recognized cause of action, or an action that might be adopted in his case, the judgment of the trial court must be affirmed. *See Naziri*, 860 S.W.2d at 306.

DON E. BURRELL, P.J. – CONCURRING OPINION AUTHOR