

# Missouri Court of Appeals

## Southern District

### Division One

JERRY D. BRUMBAUGH, )
)
             Appellant, )
)
   vs. ) No. SD37170
) Filed: January 4, 2022
KENNETH ZELLERS, )
as Director of the Missouri )
Department of Revenue, )
)
          Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

#### Honorable Michael O. Hendrickson, Judge

**<u>APPEAL DISMISSED</u>**

Jerry D. Brumbaugh ("Brumbaugh") appeals from a judgment of the trial court sustaining

Kenneth Zellers' (as Director of the Missouri Department of Revenue - "DOR") motion to dismiss.

Brumbaugh is self-represented on appeal, as he was at the hearing on the motion to dismiss.

Because Brumbaugh's brief is grossly non-compliant with Rule 84.04,[1] we dismiss Brumbaugh's

appeal.

---

[1] All rule references are to Missouri Court Rules (2020).

**Facts and Procedural History**

On October 30, 2020, Brumbaugh filed a petition against the DOR asserting that the issuance of a driver's license—as opposed to a "Regulatory I.D."—is illegal. On December 10, 2020, the DOR filed a "Motion to Dismiss" and "Suggestions in Support" asserting that Brumbaugh's petition failed to "state a claim upon which relief can be granted under Rule 55.27(a)(6)."

On February 2, 2021, the trial court held a hearing on the DOR's motion to dismiss. Brumbaugh appeared *pro se* in person, and the DOR appeared by phone. After hearing argument from both parties, the trial court took the motion under advisement.[2] On April 28, 2021, the trial court sustained the motion, finding:

> Now on this date after considering the contents of the file and the arguments made, the Court sustains the Respondent's MTDismiss. Petitioner's claims were previously filed in Case no. l8WE-CC00061 wherein the Court entered a final Judgment on November 28, 2018, dismissing Petitioner's claims with prejudice.[3] In this action, while Missouri's Director of Revenue (DOR) is different, the parties in this case are the same as in the prior case, Petitioner's claims that the DOR is negligent in failing to issue Regulatory I.D.s for citizens and by requiring licenses to drive is illegal as it trespasses onto civil liberties are the same claims in this case as in the prior case and Petitioner's prayer in this case that the Court declare the right to drive an automobile in·Missouri with a Regulatory I.D. is right as part of one's civil liberties is the same prayer as in the prior case.
>
> The arguments Respondent makes are the same in this case as successfully made in the prior case excepting Respondent now also claims Res Judicata as a basis to dismiss arguing it prevents Petitioner from re litigating the same claims in a second suit. In addition to the Court agreeing and finding that Petitioner's claims are barred by Res Judicata for the reasons stated above, the Court again finds that the same basis exists to dismiss the Petition with prejudice that the Court held before as the

[2] Brumbaugh did not provide this Court with the transcript of these proceedings as part of the record on appeal and as required by Rule 81.12(c). Instead, Brumbaugh filed a "Notice to Court that transcript is not included in Appeal," stating that "[t]he matters of law are profuse in case the [sic] file, and the transcript would not add much to the law arguments of the case as the hearing was on the matters of law filed." This Court, by its Order dated September 13, 2020, notified Brumbaugh that the "Court's record is changed to reflect that the record on appeal will consist of a legal file only."

[3] Brumbaugh appealed and this Court issued its opinion on April 30, 2019, affirming the trial court's judgment. ***Brumbaugh v. Walters***, 574 S.W.3d 306 (Mo.App. S.D. 2019).

Director is entitled to Sovereign Immunity and driving is a privilege not a right and laws regarding lawful operation is appropriate.

Respondent's MTDismiss is sustained. The Petition is dismissed with prejudice.

This appeal followed.

### *Briefing Deficiencies*

As an initial matter, we necessarily observe (as Respondent's brief correctly recites) that "Brumbaugh's most recent petition raises the same claims as his prior suit in Case No. 18WE-CC00061, [and] the circuit court correctly dismissed the petition under the doctrine of *res judicata*." Brumbaugh admits this fact in his brief. In ***Brumbaugh v. Walters***, 574 S.W.3d 306 (Mo.App. S.D. 2019), disposing of Brumbaugh's appeal, we observe that: (1) Brumbaugh "made no effort to comply with Rule 84.04[]"; (2) "[w]e cannot discern any issue from Appellant's Points Relied On"; (3) "[w]e cannot differentiate between what appears to be the 'argument,' what specific legal error the trial court committed, or what the trial court error is or what that facts are in the context of this case"; (4) "we are an error-correcting court[,] . . . [and] we cannot come up with a theory to assist Appellant"; and (5) "[i]f we are to have any standards at all in the filing of briefs, Appellant's brief is woefully inadequate." ***Id.*** at 308.

Brumbaugh's instant brief reflects the same gross deficiencies, and a failure to heed this Court's prior admonitions.[4] As we are unable to give substantive treatment to Brumbaugh's claims without acting as an advocate on Brumbaugh's behalf—thus precluding "meaningful appellate review[]")[5]—Brumbaugh's appeal is accordingly dismissed.[6]

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCUR

JACK A. L. GOODMAN, J. – CONCUR

---

[4] *See **Brumbaugh***, 574 S.W.3d at 306; ***Acton v. Rahn***, 611 S.W.3d 897, 903 (Mo.App. W.D. 2020).
[5] *See **Acton***, 611 S.W.3d at 904.
[6] Brumbaugh's motion for the Court to hear his appeal *en banc* is denied.